**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**Charleston Division**

| | |
|---|---|
| EMILY BRANCH and<br>BRIAN BRANCH,<br>on behalf of themselves and all<br>others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ROUNDPOINT MORTGAGE<br>SERVICING LLC,<br><br>Defendant. | Civil Action No. 2:26-cv-00660<br><br>(Removed from the Circuit Court of Kanawha County, West Virginia, Civil Action No. CC-20-2026-C-1112) |

**NOTICE OF REMOVAL**

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA:

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant RoundPoint Mortgage Servicing LLC ("RoundPoint" or "Defendant"), by counsel, hereby removes this action from the Circuit Court of Kanawha County, West Virginia, to the United States District Court for the Southern District of West Virginia, Charleston Division. Removal is proper because this Court has original subject matter jurisdiction over the action under 28 U.S.C. § 1332(a): the named Plaintiffs and RoundPoint are citizens of different States, and the amount in controversy on the named Plaintiffs' individual claims exceeds $75,000, exclusive of interest and costs. In support of this Notice of Removal, RoundPoint states as follows:

**BACKGROUND**

1. On September 10, 2026, Plaintiffs Emily Branch and Brian Branch ("Plaintiffs"), on behalf of themselves and a putative class, filed a Class Action Complaint (the "Complaint") against RoundPoint in the Circuit Court of Kanawha County, West Virginia, styled *Emily Branch*

*and Brian Branch, on behalf of themselves and all others similarly situated v. RoundPoint Mortgage Servicing LLC*, Civil Action No. CC-20-2026-C-1112 (the "State Court Action"). A true and correct copy of the Summons, Complaint, state court docket sheet, and all other process, pleadings, and orders served upon RoundPoint is attached as **Exhibit A**. *See* 28 U.S.C. § 1446(a).

2. RoundPoint was served with the Summons and Complaint through the West Virginia Secretary of State, as its statutory attorney-in-fact, on September 14, 2026.

3. This Notice of Removal is timely because it is filed within thirty days of service of the Summons and Complaint. *See* 28 U.S.C. § 1446(b)(1); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999).

4. The Complaint arises from RoundPoint's servicing of a residential mortgage loan secured by Plaintiffs' home at 2028 Preston Street, Charleston, Kanawha County, West Virginia. Compl. ¶¶ 8, 10. Plaintiffs allege that RoundPoint assessed, represented, and collected default-related charges including title costs, court fees, sale costs, service costs, a broker price opinion ("BPO") fee, two appraisal fees, and an unidentified "UNKWN" charge that were not authorized by the loan documents or by West Virginia law. *Id.* ¶¶ 1–5.

5. Plaintiffs assert a single cause of action against RoundPoint for alleged violations of the West Virginia Consumer Credit and Protection Act, W. Va. Code § 46A-1-101 *et seq.* ("WVCCPA"). *Id.* ¶¶ 82–86.

6. While only one count is asserted against RoundPoint, Plaintiffs pursue their claim under ten separate provisions of the WVCCPA including W. Va. Code §§ 46A-2-115(b)(2), 46A-2-115(b)(3)(A), 46A-2-115(b)(3)(E), 46A-2-127, 46A-2-127(d), 46A-2-127(g), 46A-2-128, 46A-2-128(c), 46A-2-128(d), and 46A-2-128(e). Compl. ¶ 85.

7. In support of their theory of liability under § -128(c), Plaintiffs allege that RoundPoint made false or misleading representations "in periodic statements, in reinstatement and payoff figures, in its RESPA responses, and in a sworn proof of claim." *Id.* ¶ 54.

8. Plaintiffs seek, for themselves and the putative class: (1) actual and compensatory damages; (2) statutory civil penalties under the WVCCPA "adjusted for inflation"; (3) interest, costs, and attorney's fees; (4) a declaration that the challenged charges are unauthorized and unenforceable and an order halting any foreclosure sale until accounts are corrected; (5) prejudgment and post-judgment interest; and (6) other equitable relief. *Id.* at "WHEREFORE" Paragraph (immediately following ¶ 86).

9. Plaintiffs further allege that they "have suffered annoyance, inconvenience, aggravation, and embarrassment from the fear of the loss of their home," and that RoundPoint's conduct "harmed their ability to reinstate and save their home." *Id.* ¶¶ 66–67.

10. RoundPoint denies the allegations in the Complaint, denies that Plaintiffs have stated any claim upon which relief may be granted, individually or on behalf of any class, denies that class treatment is appropriate, and denies that Plaintiffs or any putative class member has been damaged in any manner. Nevertheless, assuming for jurisdictional purposes only that Plaintiffs' claims are valid, Plaintiffs could have originally filed this action in this Court under 28 U.S.C. § 1332(a). Removal is therefore proper under 28 U.S.C. § 1441(a).

**REMOVAL UNDER DIVERSITY JURISDICTION**

11. Section 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a)(1). Any civil action over which the district courts have original jurisdiction "may be removed by the defendant

... to the district court of the United States for the district and division embracing the place where such action is pending.” 28 U.S.C. § 1441(a).

12. RoundPoint removes this action based upon the named Plaintiffs’ individual claims under 28 U.S.C. § 1332(a) because the parties are completely diverse and the amount in controversy exceeds $75,000.[1]

## I. Complete Diversity of Citizenship Exists.

13. Plaintiffs are residents of Kanawha County, West Virginia. Compl. ¶ 7. Accordingly, for purposes of determining diversity of citizenship, Plaintiffs are citizens of West Virginia. Likewise, all members of the purported Subclasses are citizens of West Virginia. *Id.* ¶¶ 68, 69, 70.

14. RoundPoint is a limited liability company. Compl. ¶ 9. For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of all of its members. *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011); *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120–21 (4th Cir. 2004).

15. No member of RoundPoint is a citizen of West Virginia. RoundPoint is therefore not a citizen of West Virginia.

16. Because Plaintiffs and all members of the purported Subclasses are citizens of West Virginia and RoundPoint is not, complete diversity of citizenship exists between the parties. 28 U.S.C. § 1332(a)(1).

---

[1] Because this Court has original jurisdiction over the named Plaintiffs’ individual claims under § 28 U.S.C. § 1332(a), the Court may exercise supplemental jurisdiction under 28 U.S.C. § 1367(a) over the claims of any putative class members arising from the same case or controversy. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549, 566–67 (2005) (where at least one named plaintiff in a Rule 23 class action satisfies the amount-in-controversy requirement, § 1367 authorizes supplemental jurisdiction over the claims of other class members who do not).

**II. The Amount in Controversy Exceeds $75,000, Exclusive of Interest and Costs.**

A. Legal Standard.

17. Where, as here, the complaint does not demand a specific sum, "the notice of removal may assert the amount in controversy," and removal is proper if the Court finds "by the preponderance of the evidence, that the amount in controversy exceeds" $75,000. 28 U.S.C. § 1446(c)(2)(A)–(B). A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). Evidentiary submissions are required only if the plaintiff contests, or the court questions, the defendant's allegation. *Id*. *See also Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 194–96 (4th Cir. 2017) (applying *Dart Cherokee*; removing defendant need not prove plaintiff's damages with certainty).

18. "[T]he test for determining the amount in controversy in a diversity proceeding is 'the pecuniary result to either party which [a] judgment would produce.'" *Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir. 2002) (citation omitted). The amount in controversy is "not [the amount] the plaintiff will likely recover," but rather an estimate of the amount that will be put at issue in the litigation. *See Scott*, 865 F.3d at 196. When the complaint is silent as to amount, courts in this District consider the entire record and make an independent evaluation of the amount in controversy, taking into account the type and extent of the plaintiff's alleged injuries and the possible damages recoverable. *McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d 481, 489 (S.D. W. Va. 2001); *Watterson v. GMRI, Inc.*, 14 F. Supp. 2d 844, 849–50 (S.D. W. Va. 1998).

19. All categories of relief that a plaintiff may recover including statutory penalties, compensatory damages for emotional harm, and statutorily authorized attorney's fees, are included in the amount in controversy. *See Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943) (all damages recoverable under state law, including punitive damages, count toward amount in

controversy); *Mo. State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933) (attorney's fees authorized by statute are part of the matter in controversy). Here, Plaintiffs' individual claims for statutory civil penalties, actual damages, emotional distress damages, and statutory attorney's fees readily exceed $75,000. Plaintiffs also seek an injunction preventing the foreclosure of their mortgaged property, further increasing the amount in controversy beyond the statutory minimum.

B. Statutory Civil Penalties.

20. The WVCCPA provides that a consumer may recover "[a]ctual damages" and "a penalty of $1,000 per violation" for violations of the provisions governing, among other things, limitations on default charges, illegal, fraudulent or unconscionable conduct, and prohibited debt collection practices. W. Va. Code § 46A-5-101(1). The aggregate penalty for each named plaintiff may not exceed "the greater of $175,000 or the total alleged outstanding indebtedness." *Id.* The Court may adjust the penalty "to account for inflation from 12:01 a.m. on September 1, 2015, to the time of the award of damages in an amount equal to the consumer price index." W. Va. Code § 46A-5-106. Plaintiffs expressly seek statutory damages "adjusted for inflation." Compl. at "WHEREFORE" Paragraph. According to the U.S. Bureau of Labor Statistics, the potential civil penalty adjusted for inflation is $1,416.04.[2]

21. Plaintiffs allege that RoundPoint misrepresented that certain default-related charges were owed within its periodic statements, reinstatement and payoff figures, and other communications, Compl. ¶ 54. Plaintiffs treat each such representation as a separate violation of the WVCCPA, *Id.* ¶¶ 52–56, 85.

---

[2] https://www.bls.gov/data/inflation_calculator.htm (last accessed October 14, 2026).

22. Upon review of RoundPoint's business records, created and maintained in the ordinary course of business, RoundPoint has identified at least 35 written and/or oral communications that reference the type of default-related charges at issue in the Complaint.

23. These 35 communications alone place at issue civil penalties of $49,561.40 (35 × $1,416.04). Further, Plaintiffs also challenge RoundPoint's sworn proof of claim. *Id.* ¶¶ 54, 61. Plaintiffs' theory of recovery could thus support penalties well beyond these figures.[3]

C. Actual Damages.

24. Plaintiffs allege that they paid at least $291.06 of the challenged default charges out of pocket, and that $2,191.14 in corporate advances remains on their account, which they seek to have declared unenforceable and removed. Compl. ¶¶ 57–58, 64, "WHEREFORE" Paragraph. Plaintiffs' alleged economic damages therefore total at least $2,482.20.

D. Emotional Distress Damages Count Toward the Amount in Controversy.

25. Plaintiffs seek "[a]ctual and compensatory damages," (*id.* at "WHEREFORE" Paragraph), and allege that they "have suffered annoyance, inconvenience, aggravation, and embarrassment from the fear of the loss of their home." *Id.* ¶ 67. Plaintiffs further claim that RoundPoint's conduct "harmed their ability to reinstate and save their home." *Id.* ¶ 66. The WVCCPA authorizes recovery of "[a]ctual damages" without limitation to economic loss. W. Va. Code § 46A-5-101(1).

26. It is well settled that damages for emotional distress, annoyance, inconvenience, humiliation, and similar non-economic harm are included in the amount in controversy when such damages are recoverable under the governing law. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976,

[3]RoundPoint does not concede that any communication constitutes a violation, that any penalty is warranted, or that each communication may give rise to a separate penalty. The figures herein reflect only what Plaintiffs' allegations place in controversy. *See Scott*, 865 F.3d at 196.

980 (9th Cir. 2005) (district court properly considered emotional distress damages in determining amount in controversy); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (amount in controversy facially apparent where plaintiff alleged property damage and expenses along with "pain and suffering, humiliation, and her temporary inability to do housework"); *Bell*, 320 U.S. at 240 (all categories of damages recoverable under state law count toward jurisdictional amount); *McCoy*, 147 F. Supp. 2d at 489 (court considers the type and extent of injuries alleged and the possible damages recoverable); *Watterson*, 14 F. Supp. 2d at 850 (same).

27. Plaintiffs' allegations that RoundPoint's conduct caused them to fear the loss of their family home, and impaired their ability to save it (Compl. ¶¶ 66–67), describe precisely the type of non-economic harm that juries are asked to value and that federal courts include in the amount-in-controversy calculus. Although RoundPoint denies that Plaintiffs suffered any compensable harm, Plaintiffs' claim for emotional distress damages – asserted by two separate plaintiffs and arising from alleged threats to their home over a period of more than two years (*see id.* ¶¶ 27, 54, 60–66) – places a substantial additional sum in controversy, independent of the statutory penalties and actual damages described above.

E. Statutory Attorney's Fees Count Toward the Amount in Controversy.

28. Plaintiffs expressly request "attorney fees." Compl. at "WHEREFORE" Paragraph. The WVCCPA provides that, "in any cause of action brought under this chapter, the court may award reasonable attorney's fees and expenses to the consumer." W. Va. Code § 46A-5-104(a).

29. When a statute authorizes an award of attorney's fees to a prevailing plaintiff, a reasonable estimate of those fees is included in the amount in controversy. *Mo. State Life Ins. Co.*, 290 U.S. at 202; *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 368 (4th Cir. 2013) (attorney's fees may be included in the amount in controversy where they are provided for by contract or by

statute); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998) (where an underlying statute authorizes an award of attorney's fees, such fees may be included in the amount in controversy); *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (future attorney's fees recoverable by statute are included in the amount in controversy); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (statutory penalties and attorney's fees included); *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997) (attorney's fees are part of the amount in controversy where a statute provides for their award).

30. Courts in this District routinely include WVCCPA fee awards in the jurisdictional calculus. *See McGraw v. Discover Fin. Servs., Inc.*, No. 2:05-0215, 2005 U.S. Dist. LEXIS 37111, at *19 (S.D. W. Va. July 26, 2005) (court may consider attorney's fees in determining the jurisdictional amount)*; Credit Acceptance Corp. v. Long*, No. 2:10-cv-00578, 2010 U.S. Dist. LEXIS 101112, at *20 (S.D. W. Va. Sept. 22, 2010) ("Based on the Court's review of similar [WVCCPA] cases, however, it accepts for the current purpose Plaintiff's estimate of $25,000 in attorneys' fees."); *Weddington v. Ford Motor Credit Co.*, 59 F. Supp. 2d 578, 584 (S.D. W. Va. 1999) (considering WVCCPA civil penalties and attorney's fees in assessing amount in controversy).

31. Further, "[b]oth state and federal courts in West Virginia recognize the presumptive reasonableness of an attorneys' fee equal to one-third of a recovery." *Archbold v. Wells Fargo Bank, N.A.*, No. 3:13-cv-24599, 2015 U.S. Dist. LEXIS 92855, at *11 (S.D. W. Va. July 13, 2015); *Eriksen Constr. Co. v. Morey*, 923 F. Supp. 878, 881 (S.D. W. Va. 1996) ("The Court notes a one-third contingency fee is presumptively reasonable in West Virginia. Nevertheless, a forty percent (40%) contingency fee is a common fee contract proviso for cases that proceed to trial.") (citation

omitted); *F.S. & P. Coal Co. v. Inter-Mountain Coals, Inc.*, 179 W. Va. 190, 366 S.E.2d 638 (1988) (one-third fee is the "going rate" in contingency fee cases).

32. Plaintiffs are represented by three attorneys from two law firms, have pursued pre-suit notices and written requests, and have demanded a jury trial on all issues including purported class claims. Compl. ¶¶ 28, 43, 63, pp. 18–20. Given the discovery, motions practice, and trial one may reasonably expect in a case of this type, a reasonable estimate of Plaintiffs' attorney's fees on their individual claims through trial is not less than $25,000.00, consistent with the estimate this Court accepted in *Credit Acceptance*, and the fee claim will likely exceed that amount substantially.

F. <u>Plaintiffs' Requested Injunction Further Increases the Amount in Controversy.</u>

33. Plaintiffs seek "an order halting any foreclosure sale of Plaintiff or class members until Plaintiff's and class members' accounts are corrected." Compl. "WHEREFORE" Paragraph. This Court has held that the value of such an injunction is the outstanding balance of the mortgage loan when foreclosure is the lender's "sole recourse to enforce the loan," *Thayer Edsen Winnell v. HSBC Mortg. Servs., Inc.*, No. 2:11-CV-00561, 2011 WL 5118805, at *2 (S.D.W. Va. Oct. 28, 2011). Such is the case here. Plaintiffs' mortgage has an outstanding principal of at least $111,540.98 and an Accelerated Amount Due of at least $145,622.13. RoundPoint has no recourse but to foreclose on the mortgaged property, and as such, at least the outstanding principal amount should be included in the amount in controversy.

G. <u>The Amount in Controversy Exceeds $75,000.</u>

34. Aggregating the categories of relief Plaintiffs seek on their individual claims, the amount in controversy is as follows:

| **Component** | **Potential Damages** |
|---|---|
| WVCCPA civil penalties at approx. $1,416.04 per violation | $49,561.40 |
| Actual damages ($291.06 paid + $2,191.14 remaining on account) | $2,482.20 |
| Reasonable estimate of statutory attorney's fees (Credit Acceptance) | $25,000.00 |
| **Subtotal before emotional distress damages and mortgage value** | **$77,043.60** |
| Emotional distress damages (annoyance, inconvenience, aggravation, embarrassment, fear of loss of home) | Additional, unliquidated |
| Accelerated amount due on mortgage | $145,622.13 |

35. As demonstrated above, the amount in controversy exceeds $75,000 even before any emotional distress damages or the value of an injunction are considered. And any fee award approaching the one-third presumptive rate on a recovery, or a fee award calculated with the substantially greater lodestar method likely to be incurred through trial, would independently push the total well beyond $75,000.

36. Accordingly, the amount in controversy on Plaintiffs' individual claims exceeds $75,000, exclusive of interest and costs, and this Court has original jurisdiction under 28 U.S.C. § 1332(a).

**VENUE**

37. Venue is proper in this Court because the United States District Court for the Southern District of West Virginia, Charleston Division, is the district and division embracing Kanawha County, West Virginia, where the State Court Action is pending. *See* 28 U.S.C. §§ 129(b), 1441(a), 1446(a).

## NOTICE

38. RoundPoint is the only defendant named in the Complaint. Accordingly, no consent of any other defendant is required. *See* 28 U.S.C. § 1446(b)(2)(A).

39. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon RoundPoint in the State Court Action are attached as Exhibit A.

40. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, RoundPoint will give written notice to Plaintiffs' counsel and will file a Notice of Filing Notice of Removal, with a copy of this Notice of Removal, with the Clerk of the Circuit Court of Kanawha County, West Virginia. A copy of the Notice of Filing Notice of Removal, excluding exhibits, is attached as **Exhibit B**.

41. By filing this Notice of Removal, RoundPoint does not waive, and expressly reserves, all defenses, objections, and motions available under state or federal law, including without limitation defenses under Federal Rule of Civil Procedure 12(b), the right to compel arbitration (if applicable), and all objections to class certification. RoundPoint further reserves the right to amend or supplement this Notice of Removal and to submit evidence in support of the jurisdictional facts alleged herein.

42. If any question arises as to the propriety of the removal of this action, RoundPoint respectfully requests the opportunity to submit briefing and evidence, and to present oral argument, in support of its position that this case is removable.

## CONCLUSION

WHEREFORE, Defendant RoundPoint Mortgage Servicing LLC respectfully gives notice that this action is hereby removed from the Circuit Court of Kanawha County, West Virginia, to

the United States District Court for the Southern District of West Virginia, Charleston Division, and requests such other and further relief as the Court deems just and proper.

Dated: October 14, 2026

Respectfully submitted,

**ROUNDPOINT MORTGAGE SERVICING LLC**

By: */s/ Jason E. Manning*
Of Counsel

John C. Lynch (WV Bar No. 6627)
Jason E. Manning (WV Bar No. 11277)
Jonathan M. Kenney (WV Bar No. 12458)
Counsel for Defendant
TROUTMAN PEPPER LOCKE LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7529
Facsimile: (757) 687-1504
E-mail: john.lynch@troutman.com
E-mail: jason.manning@troutman.com
E-mail: jonathan.kenney@troutman.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of October, 2026, I electronically filed the foregoing Notice of Removal with the Clerk of the Court using the CM/ECF system, and I further certify that a true and correct copy of the foregoing was served via first-class U.S. Mail, postage prepaid, and electronic mail, upon the following counsel of record:

Benjamin M. Sheridan, Esq.
Jed Nolan, Esq.
Klein & Sheridan, LC
3566 Teays Valley Road
Hurricane, WV 25526
ben@kleinsheridan.com
jed@kleinsheridan.com

Jason E. Causey, Esq.
Katz Kantor Stonestreet & Buckner, PLLC
206 South Walker Street
Princeton, WV 24740
JCausey@kksblaw.com

*Counsel for Plaintiffs*

By: */s/ Jason E. Manning*
Jason E. Manning

*Counsel for RoundPoint Mortgage Servicing LLC*