# EXHIBIT A

WEST VIRGINIA:

IN THE CIRCUIT COURT FOR THE KANAWHA COUNTY

EMILY BRANCH and
BRIAN BRANCH,
On behalf of themselves
And all others similarly situated,

Plaintiffs,

v.

Civil Action No. CC-20-2026-C-1112

ROUNDPOINT MORTGAGE
SERVICING LLC,

Defendant.

**Docket Sheet**

| No. | Date | Description |
|---|---|---|
| 1 | 9/10/2026 | Complaint |
| 2 | 9/10/2026 | RoundPoint Mortgage Servicing LLC |
| 3 | 9/10/2026 | A-11296 - Benjamin Matthew Sheridan |
| 4 | 9/10/2026 | A-11296 - Benjamin Matthew Sheridan |
| 5 | 9/10/2026 | Secretary of State - Certified - Including Copy Fee |
| 6 | 9/10/2026 | Notice of Appearance - Notice of Appearance |
| 7 | 9/10/2026 | A-12592 - Megan Alicia Patrick |
| 8 | 9/10/2026 | A-12592 - Megan Alicia Patrick |
| 9 | 9/10/2026 | A-10833 - Jed Robert Nolan |
| 10 | 9/10/2026 | A-9482 - Jason E Causey |
| 11 | 9/10/2026 | A-9482 - Jason E Causey |
| 12 | 9/10/2026 | A-10833 - Jed Robert Nolan |
| 13 | 9/11/2026 | Notice of Appearance - Notice of Appearance |
| 14 | 9/17/2026 | Supporting Documents - Notice of Lis Pendens |
| 15 | 9/21/2026 | Service Return - Acceptance of Service by Secretar Services LLC |

E-FILED | 9/10/2026 2:03 PM
CC-20-2026-C-1112
Kanawha County Circuit Clerk
Cathy S. Gatson

# SUMMONS

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**Emily Branch v. RoundPoint Mortgage Servicing LLC**

Service Type: Secretary of State - Certified - Including Copy Fee

NOTICE TO: RoundPoint Mortgage Servicing LLC, 808 Greenbrier Street, Charleston, WV 25311

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Benjamin Sheridan, 3566 Teays Valley Rd, , Hurricane, WV 25526

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

9/10/2026 2:03:27 PM — Date

/s/ Cathy S. Gatson — Clerk

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on ______________________

☐ I certify that I personally delivered a copy of the Summons and Complaint t ______________________

______________________

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling or usual place of abode to ______________________, someone who is eighteen (18) years of age or above and resides there.

☐ I certify that I personally delivered a copy of the Summons and Complaint to ______________________, an agent or attorney-in-fact authorized by appointment or statute to receive service of process for the individual.

☐ I have reviewed documentation authorizing the above-named person to accept service on behalf of the individual named on the summons.

☐ I have not reviewed documentation authorizing the above-named person to accept service on behalf of the individual named on the summons.

☐ Not Found in Bailiwick

______________________ Date

______________________ Server's Signature

# SUMMONS

E-FILED | 9/10/2026 2:03 PM
CC-20-2026-C-1112
Kanawha County Circuit Clerk
Cathy S. Gatson

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**Emily Branch v. RoundPoint Mortgage Servicing LLC**

Service Type: Secretary of State - Certified - Including Copy Fee

NOTICE TO: RoundPoint Mortgage Servicing LLC, 808 Greenbrier Street, Charleston, WV 25311

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Benjamin Sheridan, 3566 Teays Valley Rd, , Hurricane, WV 25526

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

9/10/2026 2:03:27 PM — Date

/s/ Cathy S. Gatson — Clerk

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on ______________________

☐ I certify that I personally delivered a copy of the Summons and Complaint t ______________________

______________________

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling or usual place of abode to ______________________, someone who is eighteen (18) years of age or above and resides there.

☐ I certify that I personally delivered a copy of the Summons and Complaint to ______________________, an agent or attorney-in-fact authorized by appointment or statute to receive service of process for the individual.

☐ I have reviewed documentation authorizing the above-named person to accept service on behalf of the individual named on the summons.

☐ I have not reviewed documentation authorizing the above-named person to accept service on behalf of the individual named on the summons.

☐ Not Found in Bailiwick

______________________ Date

______________________ Server's Signature

# SUMMONS

E-FILED | 9/10/2026 2:03 PM
CC-20-2026-C-1112
Kanawha County Circuit Clerk
Cathy S. Gatson

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**Emily Branch v. RoundPoint Mortgage Servicing LLC**

Service Type: Secretary of State - Certified - Including Copy Fee

NOTICE TO: RoundPoint Mortgage Servicing LLC, 808 Greenbrier Street, Charleston, WV 25311

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Benjamin Sheridan, 3566 Teays Valley Rd, , Hurricane, WV 25526

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 9/10/2026 2:03:27 PM | /s/ Cathy S. Gatson |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on ____________________

☐ I certify that I personally delivered a copy of the Summons and Complaint t ____________________

____________________

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling or usual place of abode to ____________________, someone who is eighteen (18) years of age or above and resides there.

☐ I certify that I personally delivered a copy of the Summons and Complaint to ____________________, an agent or attorney-in-fact authorized by appointment or statute to receive service of process for the individual.

☐ I have reviewed documentation authorizing the above-named person to accept service on behalf of the individual named on the summons.

☐ I have not reviewed documentation authorizing the above-named person to accept service on behalf of the individual named on the summons.

☐ Not Found in Bailiwick

| ____________________ | ____________________ |
|---|---|
| Date | Server's Signature |

FILED | 9/21/2026 3:59 PM
CC-20-2026-C-1112
Kanawha County Circuit Clerk
Cathy S. Gatson

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

**Kris Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

CLERK OF KANAWHA COUNTY CIRCUIT COURT
PO BOX 2351
Charleston, WV 25328-2351

**Control Number:** 364647

**Defendant:** ROUNDPOINT MORTGAGE SERVICING LLC
808 GREENBRIER STREET
Charleston, WV 25311 US

**Agent:** Corporation Service Company

**County:** Kanawha

**Civil Action:** CC-20-2026-C-1112

**Certified Number:** 92148901125134100005032856

**Service Date:** 9/14/2026

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper,* ***not to the Secretary of State's office.***

Sincerely,

Kris Warner
Secretary of State

# SUMMONS

E-FILED | 9/10/2026 2:03 PM
CC-20-2026-C-1112
Kanawha County Circuit Clerk
Cathy S. Gatson

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**Emily Branch v. RoundPoint Mortgage Servicing LLC**

Service Type: Secretary of State - Certified - Including Copy Fee

NOTICE TO: RoundPoint Mortgage Servicing LLC, 808 Greenbrier Street, Charleston, WV 25311

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Benjamin Sheridan, 3566 Teays Valley Rd, , Hurricane, WV 25526

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

9/10/2026 2:03:27 PM — Date

/s/ Cathy S. Gatson — Clerk

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on ______________

☐ I certify that I personally delivered a copy of the Summons and Complaint t ______________

______________

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling or usual place of abode to ______________, someone who is eighteen (18) years of age or above and resides there.

☐ I certify that I personally delivered a copy of the Summons and Complaint to ______________, an agent or attorney-in-fact authorized by appointment or statute to receive service of process for the individual.

☐ I have reviewed documentation authorizing the above-named person to accept service on behalf of the individual named on the summons.

☐ I have not reviewed documentation authorizing the above-named person to accept service on behalf of the individual named on the summons.

☐ Not Found in Bailiwick

______________ Date

______________ Server's Signature

ACCEPTED FOR SERVICE OF PROCESS
2026 SEP 14 A 10:01
SECRETARY OF STATE
STATE OF WEST VIRGINIA

E-FILED | 9/10/2026 2:05 PM
CC-20-2026-C-1112
Kanawha County Circuit Clerk
Cathy S. Gatson

**IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA**

**EMILY BRANCH and**
**BRIAN BRANCH,**
**on behalf of themselves**
**and all others similarly situated,**
**PLAINTIFFS,**

**v.** **CIVIL ACTION NO. 2026-C-____**

**ROUNDPOINT MORTGAGE**
**SERVICING, LLC,**
**DEFENDANT**

**NOTICE OF APPEARANCE**

**COMES NOW** Jason E. Causey, of the law firm of Katz, Kantor, Stonestreet & Buckner, PLLC, and hereby gives Notice of his Appearance as counsel on behalf of Plaintiffs, Emily Branch and Brian Branch, individually and on behalf of a class of persons, and hereby requests that he receives copies of all pleadings and evidence filed in this case.

**EMILY BRANCH and**
**BRIAN BRANCH,**
**individually and on behalf**
**Similarly Situated Consumers**

By Counsel,

*/s/ **Jason E. Causey***
Jason E. Causey, Esq. (WVSB#9482)
Katz, Kantor, Stonestreet & Buckner, PLLC
206 S Walker Street
Princeton, WV 24740
Phone: 304-639-4788
Fax: 304-301-0846
jcausey@kksblaw.com

**IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA**

**EMILY BRANCH and**
**BRIAN BRANCH,**
**on behalf of themselves**
**and all others similarly situated,**
**PLAINTIFFS,**

**v.** **CIVIL ACTION NO. 2026-C-____**

**ROUNDPOINT MORTGAGE**
**SERVICING, LLC,**
**DEFENDANT**

**CERTIFICATE OF SERVICE**

I, Jason E. Causey, do hereby certify that a true and exact copy of **"Notice of Appearance"** has been served upon the following via WV E-File on this 9th day of September, 2026, which will give notification to counsel of record.

***/s/ Jason E. Causey***

Jason E. Causey (Bar # 9482)
Katz, Kantor, Stonestreet & Buckner, PLLC
206 S Walker Street
Princeton, WV 24740
(304) 431-4050
jcausey@kksblaw.com

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

Kris Warner
Secretary of State
State of West Virginia
Phone: 304-558-6000
886-767-8683
Visit us online:
www.wvsos.com

USPS CERTIFIED MAIL™

9214 8901 1251 3410 0005 0328 56

ROUNDPOINT MORTGAGE SERVICING LLC
Corporation Service Company
808 GREENBRIER STREET
Charleston, WV 25311

**Control Number:** 364647

**Defendant:** ROUNDPOINT MORTGAGE SERVICING LLC
808 GREENBRIER STREET
Charleston, WV 25311 US

**Agent:** Corporation Service Company

**County:** Kanawha

**Civil Action:** CC-20-2026-C-1112

**Certified Number:** 92148901125134100005032856

**Service Date:** 9/14/2026

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper,* ***not to the Secretary of State's office.***

Sincerely,

Kris Warner
Secretary of State

# SUMMONS

E-FILED | 9/10/2026 2:03 PM
CC-20-2026-C-1112
Kanawha County Circuit Clerk
Cathy S. Gatson

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**Emily Branch v. RoundPoint Mortgage Servicing LLC**

Service Type: Secretary of State - Certified - Including Copy Fee

NOTICE TO: RoundPoint Mortgage Servicing LLC, 808 Greenbrier Street, Charleston, WV 25311

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Benjamin Sheridan, 3566 Teays Valley Rd, , Hurricane, WV 25526

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 9/10/2026 2:03:27 PM | /s/ Cathy S. Gatson |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on ____________________

☐ I certify that I personally delivered a copy of the Summons and Complaint t ____________________

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling or usual place of abode to ____________________, someone who is eighteen (18) years of age or above and resides there.

☐ I certify that I personally delivered a copy of the Summons and Complaint to ____________________, an agent or attorney-in-fact authorized by appointment or statute to receive service of process for the individual.

☐ I have reviewed documentation authorizing the above-named person to accept service on behalf of the individual named on the summons.

☐ I have not reviewed documentation authorizing the above-named person to accept service on behalf of the individual named on the summons.

☐ Not Found in Bailiwick

| ____________________ | ____________________ |
|---|---|
| Date | Server's Signature |

ACCEPTED FOR SERVICE OF PROCESS
2026 SEP 14 A 10:01
SECRETARY OF STATE
STATE OF WEST VIRGINIA

E-FILED | 9/10/2026 2:03 PM
CC-20-2026-C-1112
Kanawha County Circuit Clerk
Cathy S. Gatson

**IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA**

**EMILY BRANCH and**
**BRIAN BRANCH,**
**on behalf of themselves**
**and all others similarly situated,**
**PLAINTIFFS,**

**v.** **CIVIL ACTION NO. 2026-C-____**

**ROUNDPOINT MORTGAGE**
**SERVICING, LLC,**
**DEFENDANT**

**CLASS ACTION COMPLAINT**

1. This is a class action against a mortgage servicer that funds its default-servicing operation out of the pockets of the West Virginia homeowners whose loans it services. When a borrower falls behind, Defendant RoundPoint Mortgage Servicing LLC ("RoundPoint") loads the account with charges it books as "corporate advances" — attorney's fees, foreclosure "sale costs," "service costs," "court fees," broker price opinions, duplicative appraisals, and, in this case, a charge RoundPoint labeled only "UNKWN" — that neither the loan documents nor the West Virginia Consumer Credit and Protection Act permits it to collect. RoundPoint then takes those charges out of the borrower's reinstatement money, adds them to the sums a borrower must pay to reinstate or pay off the loan, and — as it did here — swears to them in a proof of claim filed in federal bankruptcy court.

2. Plaintiffs challenge three RoundPoint practices on a class-wide basis.

3. **First, unlawful default fees, including attorney's fees.** West Virginia law permits a lender or servicer to recover only those default charges expressly authorized by contract and statute. W. Va. Code § 46A-2-128(d). Section 46A-2-115(b)(2) sets out a list of charges a

residential mortgage agreement "may permit," and attorney's fees are not on it. The Branches' Note affirmatively excludes them, giving the holder the right to be repaid "for all of its costs and expenses (except attorneys' fees) in enforcing this Note." And W. Va. Code § 46A-2-128(c) forbids "[t]he collection or the attempt to collect from the consumer all or any part of the debt collector's fee or charge for services rendered" with one exception that that "attorney's fees, court costs and other reasonable collection costs and charges necessary for the collection of any amount due upon delinquent educational loans made by any institution of higher education within this state may be recovered when the terms of the obligation so provide." RoundPoint charges attorney's fees anyway, burying them inside undifferentiated "corporate advance" line items, and has admitted in writing that the corporate advances on the Branch account "include attorney's fees."

4. **Second, prohibited appraisal fees.** Section 46A-2-115(b)(3) bars the assessment and collection of an appraisal fee unless, among other conditions, "no appraisal fee has been charged to the consumer within the preceding six months," id. § 46A-2-115(b)(3)(E); the charge is "reasonable in its amount," id. § 46A-2-115(b)(3)(A); and the charge was "actually incurred . . . before the consumer reinstates the consumer loan or otherwise cures the default," id. § 46A-2-115(b)(3)(C). RoundPoint charged the Branches two separate $1,010.00 appraisal fees roughly ninety days apart, and at a price well above what RoundPoint's own published Schedule of Fees says an appraisal costs.

5. **Third, broker price opinion fees.** A broker price opinion ("BPO") is not an appraisal. It is a real estate licensee's opinion of value, prepared without the licensure, standards, scope, or independence that an appraisal requires, and it appears nowhere in the exclusive list of recoverable default charges at W. Va. Code § 46A-2-115(b)(2). Nor do the Branches' Note and

Deed of Trust authorize one. RoundPoint nevertheless charged $525.00 for a single BPO — nearly four times the $135.00 that RoundPoint's own Schedule of Fees quotes for an exterior BPO.

6. In assessing these charges, RoundPoint profits by leveraging its position of power over homeowners in financial distress. Borrowers struggle enough to make their regular mortgage payments without being charged extra, illegal fees. And because the charges inflate the sums a borrower must pay to reinstate or pay off the loan, they make it harder for homeowners to save their homes.

## PARTIES

7. Plaintiffs, Emily Branch and Brian Branch, are residents of Kanawha County, West Virginia.

8. Plaintiffs' loan is secured by their home at 2028 Preston Street, Charleston, Kanawha County, West Virginia 25302.

9. Defendant RoundPoint Mortgage Servicing LLC ("RoundPoint") is a limited liability company with its principal place of business at 446 Wrenplace Road, Fort Mill, South Carolina 29715. RoundPoint is a foreign entity that regularly transacts business in West Virginia, and its registered agent for service is Corporation Service Company, 808 Greenbrier Street, Charleston, West Virginia 25311. RoundPoint services residential mortgage loans secured by real property located in Kanawha County and throughout West Virginia, and holds NMLS ID #18188. RoundPoint identifies itself in its written communications to Plaintiffs as "a debt collector attempting to collect a debt."

## Factual Background

10. On June 23, 2017, Plaintiffs Emily and Brian Branch borrowed $130,853.00 from Wells Fargo Bank, N.A., repayable over thirty years with a maturity date of July 1, 2047. The loan is evidenced by a promissory note (the "Note") and secured by a deed of trust (the "Deed of Trust") on their home, recorded on June 27, 2017 in Book 4248, Page 612 of the records of the Clerk of the County Commission of Kanawha County, West Virginia.

11. The Deed of Trust is a Fannie Mae/Freddie Mac West Virginia single-family uniform instrument.

12. Because the loan is a consumer loan secured by real property that was originated by a bank and was not solicited by an unaffiliated broker, it is a "consumer loan" within the meaning of W. Va. Code § 46A-2-115(b)(1)(A), and the provisions of § 46A-2-115(b) apply to it.

13. Section 6(E) of the Note provides that, upon acceleration, "the Note Holder will have the right to be paid back by me for all of its costs and expenses (except attorneys' fees) in enforcing this Note to the extent not prohibited by applicable law." The parties' contract therefore expressly withholds from the holder any right to recover attorney's fees from the Branches.

14. Section 9 of the Deed of Trust permits the lender to pay "reasonable attorneys' fees to protect its interest in the Property" only "[i]f permitted under Applicable Law," which the Deed of Trust defines to mean "all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders." West Virginia Code §§ 46A-2-115 and 46A-2-128 (c) & d) are Applicable Law, and they do not permit these charges.

15. Section 2 of the Deed of Trust prescribes the order in which payments are to be applied — interest, then principal, then escrow, with any remainder to late charges, then to other amounts due, then to principal — and further provides that "[w]ith regard to the application of

payments and the assessment and collection of late charges in this Section 2, Lender must comply with Applicable Law."

16. Servicing of the loan was transferred to RoundPoint effective March 1, 2021, and RoundPoint has serviced the loan continuously since that date. The loan is currently held by Self-Help Ventures Fund, for which RoundPoint acts as servicer and attorney-in-fact.

17. The Branches experienced financial hardship beginning in 2022.

18. The Branches made a payment of $2,005.53 on November 9, 2022 — an amount equal to nearly three of their then-monthly payments of $700.81.

19. RoundPoint did not credit that payment against the payments due. Instead, it placed the entire $2,005.53 in a suspense account, where RoundPoint held it, untouched, from November 10, 2022 until April 25, 2023 — one hundred sixty-seven days.

20. On November 10, 2022, RoundPoint recorded entries against the August 1, September 1, and October 1, 2022 due dates showing allocations to escrow, interest and principal, but a payment total of $0.00 for each. The suspense balance did not decrease and the principal balance did not move. Upon information and belief, these were bookkeeping entries that did not credit the Branches' money against anything.

21. While RoundPoint held the Branches' $2,005.53 in suspense, it continued to treat the loan as delinquent and continued to assess late charges against it, including a $24.93 late charge on March 17, 2023 — at a time when RoundPoint was holding more than enough of the Branches' own money in suspense to make the payment then coming due.

22. RoundPoint released the suspended funds on April 25, 2023, in connection with a loan modification that had already taken effect on April 1, 2023.

23. The Branches continued to work on paying the loan but experienced an additional hardship.

24. The modification was executed by RoundPoint on March 8, 2023 and by the Branches on March 24, 2023, and took effect April 1, 2023. It capitalized the arrearage into a new unpaid principal balance of $113,469.19, fixed the interest rate at 4.250%, set a new principal-and-interest payment of $498.53, deferred $18,720.18 of principal, and extended the maturity date to November 1, 2061. It did not alter any other provision of the Note and Deed of Trust.

25. Importantly, the modification clearly stated, "[a]ll covenants, agreements, stipulations and conditions contained in your Note and Mortgage will remain in full force and effect, except as herein modified..."

26. The modification does not authorize the default and foreclosure charges RoundPoint assessed in 2023, 2024 and 2025, and it does not disturb the Note's express exclusion of attorney's fees from the costs recoverable on enforcement.

27. RoundPoint's own accounting of the charges it added to the Branches' account, produced in response to Plaintiffs' written requests, is as follows:

a. $230.00 in "TITLE COSTS" assessed October 24, 2023 (recorded on RoundPoint's proof of claim as October 17, 2023);

b. $60.40 in "COURT FEES" assessed January 23, 2024 (recorded on the proof of claim as a "FCL - court cost" on January 10, 2024);

c. $282.56 in "SALE COSTS" assessed January 25, 2024 (recorded on the proof of claim as a "FCL - sales cost" on January 9, 2024);

d. a $525.00 "BPO FEE" assessed February 20, 2024 (recorded on the proof of claim as a "BPO" on January 25, 2024);

e. a second $230.00 in "TITLE COSTS" assessed October 1, 2024;

f. a $1,010.00 "APPRAISAL" fee assessed October 7, 2024 (recorded on the proof of claim as an "Appraisal" on September 6, 2024);

g. $63.68 in "SERVICE COSTS" assessed November 12, 2024 (recorded on the proof of claim as a "FCL - service cost" of $2.62 on November 1, 2024);

h. a second $1,010.00 "APPRAISAL" fee assessed January 8, 2025 (recorded on the proof of claim as an "Appraisal" on December 5, 2024);

i. $266.96 in "SALE COSTS" assessed May 16, 2025 (recorded on the proof of claim as a "FCL - sales cost" on May 8, 2025);

j. $71.64 in "SERVICE COSTS" assessed June 2, 2025 (recorded on the proof of claim as a "FCL - service cost" on May 9, 2025);

k. $266.96 in "SALE COSTS" assessed August 12, 2025 (recorded on the proof of claim as a "FCL - sales cost" on July 16, 2025); and

l. a "Restricted Corporate Advance Adjustment" credit of ($291.06) on January 29, 2024, coded only as "UNKWN," which RoundPoint applied on the same day it recovered $291.06 in corporate advances out of the Branches' reinstatement payment.

28. None of these line items is itemized. RoundPoint has never told the Branches what any of them was for, who was paid, or what services were rendered, despite a written request that it "provide more than the 'Reason Code Description' for each transaction," identify the payees, and produce receipts and invoices.

29. RoundPoint has admitted in writing that these charges "include attorney's fees, title costs, property preservation fees, and various servicing costs."

30. Upon information and belief, the "UNKWN," "SALE COSTS," "COURT FEES" and "SERVICE COSTS" entries are, in whole or in part, attorney's fees and the fees or charges of RoundPoint's foreclosure counsel for services rendered in the collection of the Branches' debt.

31. Among these charges, on January 25, 2024 (or February 20, 2024 — RoundPoint's records give both dates), RoundPoint assessed a $525.00 fee for a "BPO."

32. A broker price opinion is a real estate licensee's estimate of a property's market value. It is not an appraisal: it is not prepared by a licensed or certified appraiser, it is not prepared in conformity with the Uniform Standards of Professional Appraisal Practice, and it is used precisely because it is faster and cheaper than an appraisal.

33. RoundPoint's own published Schedule of Fees prices a BPO at $135.00 for an exterior BPO and $185.00 for an interior BPO, with a $75.00 reconciliation fee if reconciliation is required. The $525.00 RoundPoint charged the Branches is nearly four times its own price for an exterior BPO, and exceeds even the $500.00 it charges for a commercial interior BPO.

34. RoundPoint assessed unreasonable BPO fees.

35. W. Va. Code § 46A-2-115(b)(2) sets out the exclusive list of default charges a residential mortgage agreement may permit a holder to recover. It authorizes "an appraisal fee." It says nothing about broker price opinions, and a BPO is not an appraisal. Nor does any provision of the Branches' Note or Deed of Trust authorize a charge for a broker price opinion.

36. Having already charged the Branches for a BPO, RoundPoint then ordered a full appraisal.

37. On August 29, 2024, RoundPoint Financial Group, LLC ordered an appraisal of the Branches' home through ClearCapital.com, Inc., an appraisal management company. The appraiser inspected the property from the street on September 3, 2024, prepared an exterior-only

report on Freddie Mac/Fannie Mae Form 2055, and valued the home at $155,000.00. RoundPoint charged the Branches $1,010.00 for it, on September 6, 2024 or October 7, 2024 — again, RoundPoint's records give both dates.

38. ClearCapital's invoice and fee disclosure show what the $1,010.00 actually bought: "Appraiser Compensation — $395" and "Appraisal Management Fee — $615." Sixty-one percent of the "appraisal fee" RoundPoint charged the Branches was an appraisal-management markup, not the appraisal.

39. The appraiser was not permitted to enter the home. The report states that "the appraiser was requested to not disturb the occupants by entering the building" and that the physical characteristics were taken from assessment records, a street inspection, and the multiple listing service.

40. RoundPoint's own published Schedule of Fees prices an exterior appraisal at $600.00 and an interior appraisal at $800.00. RoundPoint charged the Branches $1,010.00 for an exterior-only appraisal — $410.00 more than its own price for that product, and more than its own price for a full interior appraisal.

41. Upon information and belief, RoundPoint assessed unreasonable appraisal fees as a standard practice.

42. Unsatisfied with a BPO and an appraisal, RoundPoint assessed a second $1,010.00 appraisal fee on December 5, 2024 or January 8, 2025 — again, RoundPoint's records give both dates.

43. RoundPoint has never produced any appraisal report, invoice, or other documentation for the second $1,010.00 appraisal fee, notwithstanding a written request for

"copies of receipts and invoices for each expense." The only appraisal RoundPoint produced in response to a statutory request is the September 2024 exterior-only report.

44. The two appraisal fees were assessed approximately ninety days apart — well within six months of one another on either set of dates in RoundPoint's records.

45. W.Va. Code § 46A-2-115(b)(3)(E) states that "no charge may be assessed and collected from a consumer unless…in the case of an appraisal fee, no appraisal fee has been charged to the consumer within the preceding six months."

46. That same subdivision also forbids the assessment and collection of any such charge unless "[e]ach charge is reasonable in its amount," W. Va. Code § 46A-2-115(b)(3)(A); "[e]ach charge is actually incurred by or on behalf of the holder of the consumer loan," id. § 46A-2-115(b)(3)(B); and "[e]ach charge is actually incurred after the last day allowed for cure of the consumer's default pursuant to section one hundred six of this article and before the consumer reinstates the consumer loan or otherwise cures the default," id. § 46A-2-115(b)(3)(C).

47. A provision in violation of § 46A-2-115 "is unenforceable." W. Va. Code § 46A-2-115(e).

48. RoundPoint also assessed "SALE COSTS" of $282.56 on January 25, 2024, $266.96 on May 16, 2025, and $266.96 on August 12, 2025, and "SERVICE COSTS" of $63.68 on November 12, 2024 and $71.64 on June 2, 2025. On its proof of claim, RoundPoint labeled these same charges "FCL - sales cost" and "FCL - service cost," identifying them as foreclosure charges.

49. Upon information and belief, the "SALE COSTS" and "SERVICE COSTS" are, in whole or in part, attorney's fees and the charges of RoundPoint's foreclosure counsel for services rendered.

50. The Note expressly excludes attorney's fees from the costs and expenses the holder may recover on enforcement. See Note ¶ 6(E) ("all of its costs and expenses (except attorneys' fees) in enforcing this Note").

51. W. Va. Code § 46A-2-128(d) prohibits "[t]he collection of or the attempt to collect any interest or other charge, fee or expense incidental to the principal obligation unless such interest or incidental fee, charge or expense is expressly authorized by the agreement creating or modifying the obligation and by statute or regulation." Attorney's fees are authorized by neither.

52. W. Va. Code § 46A-2-127(g) prohibits "[a]ny representation that an existing obligation of the consumer may be increased by the addition of attorney's fees, investigation fees, service fees or any other fees or charges when in fact such fees or charges may not legally be added to the existing obligation."

53. W. Va. Code § 46A-2-128(c) prohibits "The collection or the attempt to collect from the consumer all or any part of the debt collector's fee or charge for services rendered…"

54. RoundPoint represented to the Branches, in periodic statements, in reinstatement and payoff figures, in its RESPA responses, and in a sworn proof of claim, that these sale costs, service costs, court fees, appraisal fees, BPO fees and unidentified charges had been added to the Branches' obligation and were owed.

55. Attorney's fees are excluded by the Note and are not among the charges authorized by W. Va. Code § 46A-2-115(b)(2). They may not legally be added to the Branches' obligation.

56. Even if some portion of these charges were permissible, RoundPoint misrepresented their nature by refusing to itemize them, by aggregating them into undifferentiated "corporate advance" line items, and by coding one of them only as "UNKWN."

57. On January 29, 2024, the Branches paid RoundPoint $6,532.00 to bring the loan current through January 2024. RoundPoint did not apply all of it to the loan. It applied $291.06 to corporate advances and $74.79 to late charges, leaving $6,166.15 for principal, interest and escrow.

58. The Branches therefore paid, out of pocket, at least $291.06 of the default charges described above — charges RoundPoint has never itemized, identified a payee for, or documented.

59. The Branches' January 29, 2024 payment reinstated the loan. Every charge described above from the February 2024 BPO forward was assessed after that reinstatement.

60. On August 25, 2025, Plaintiff Emily Branch filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of West Virginia, Case No. 2:25-bk-20190.

61. On October 20, 2025, RoundPoint's counsel filed a proof of claim in that case on behalf of Self-Help Ventures Fund, signed under penalty of perjury, asserting a total debt of $145,979.37, a prepetition arrearage of $16,418.74, and "[p]repetition fees due" of $3,850.79. The $3,850.79 consists of the $3,726.14 in corporate advances described above plus $124.65 in late charges. RoundPoint thereby sought to collect the unauthorized charges through a federal court.

62. On October 8, 2025 and again on December 19, 2025, RoundPoint told Plaintiffs' counsel in writing that "there has been no error by RoundPoint in the servicing of the loan and the debt is valid."

63. On April 9, 2026, Plaintiffs served RoundPoint with a notice of right to cure under W. Va. Code § 46A-5-108 and a qualified written request. RoundPoint received it on April 27, 2026. RoundPoint made no cure offer.

64. Instead, on May 27, 2026 — one month after receiving the notice, and after twice telling Plaintiffs' counsel there had been no error — RoundPoint reversed the $525.00 BPO fee

and one of the two $1,010.00 appraisal fees, reclassifying them as non-recoverable. It has not reversed the second appraisal fee, the title costs, the court fees, the sale costs, the service costs, or the "UNKWN" charge, and $2,191.14 in corporate advances remains on the account.

65. The reversal is a partial, unilateral, and incomplete remediation of RoundPoint's own making. It confirms that the charges were never properly assessed, and it does nothing for the class. Moreover, the reversal occurred after requiring Branch to obtain counsel and after written notice of an error. See, W.Va. Code 46A-5-101(7).

66. RoundPoint's pursuit of unlawful charges inflated the amounts the Branches had to pay to reinstate and to pay off their loan, took money out of their pockets that should have gone to their loan, and harmed their ability to reinstate and save their home.

67. Plaintiffs have suffered annoyance, inconvenience, aggravation, and embarrassment from the fear of the loss of their home.

***W. Va. R.C.P. 23 Class Allegations***

68. This action is also filed as a class action. Plaintiffs, serving as class representatives, tentatively define **Subclass A, the Unlawful Default Fee Class,** as follows: All borrowers with West Virginia addresses whose loans were serviced by Defendant and who were assessed one or more default charges — including attorney's fees, "corporate advances," "sale costs," "service costs," "court fees," or charges bearing no identified purpose — other than those expressly authorized by W. Va. Code § 46A-2-115(b)(2), during the preceding four years and forty-five days through the date of class certification.

69. Plaintiffs, serving as class representatives, tentatively define **Subclass B, the Prohibited Appraisal Fee Class,** as follows: All borrowers with West Virginia addresses whose loans were serviced by Defendant and who, during the preceding four years and forty-five days

through the date of class certification, were assessed an appraisal fee (i) within six months of a prior appraisal fee or other property valuation fee, or (ii) in an amount exceeding the amount stated for that product in Defendant's then-current published Schedule of Fees.

70. Plaintiffs, serving as class representatives, tentatively define **Subclass C, the Broker Price Opinion Fee Class,** as follows: All borrowers with West Virginia addresses whose loans were serviced by Defendant and who were assessed a broker price opinion fee during the preceding four years and forty-five days through the date of class certification.

71. Plaintiffs reserve the right to refine the class definitions in light of discovery and additional investigation.

72. The putative class is so numerous that joinder of all members is impractical.

73. There are questions of law and fact common to the putative class, which predominate over any questions affecting only individual class members.

74. The principal common issues include: whether the charges Defendant assesses as "corporate advances" are authorized by W. Va. Code § 46A-2-115(b)(2); whether a broker price opinion fee is an authorized default charge; whether Defendant's appraisal and BPO charges are "reasonable in . . . amount" under W. Va. Code § 46A-2-115(b)(3)(A) when measured against Defendant's own published Schedule of Fees; whether Defendant assesses appraisal fees within six months of a prior appraisal fee; and whether the foregoing conduct violates the debt collection provisions of the WVCCPA.

75. Plaintiffs' claims are typical of those of the putative subclasses of which they are members, and are based on the same legal and factual theories, because they arise from the same uniform, automated servicing practices Defendant applies to all West Virginia borrowers.

76. Plaintiffs will fairly and adequately protect the interests of the class. They have suffered pecuniary injury as a result of Defendant's actions and will, accordingly, vigorously litigate this matter. Plaintiffs are greatly annoyed at being the victims of Defendant's illegal and fraudulent conduct and wish to see that wrong remedied. To that end, Plaintiffs have retained counsel experienced in claims involving unfair business practices.

77. Neither the Plaintiffs nor their counsel have any interest that might prevent them from vigorously pursuing these claims.

78. A class action is a superior method for the fair and efficient adjudication of these particular claims and controversy.

79. The interest of putative class members in individually controlling and maintaining the prosecution of separate claims against Defendant is small, given the fact that they are unlikely to be aware of their legal rights, and the amount of statutory or actual damages in an individual action is relatively small.

80. The management of the class claims is likely to present significantly fewer difficulties than those presented in many larger and more complex class actions.

81. As a proximate and/or foreseeable result of Defendant's wrongful conduct, each member of the putative class has suffered actual and/or statutory damages.

**COUNT I**

**VIOLATIONS OF THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT**

82. Plaintiffs incorporate the preceding paragraphs by reference.

83. The Plaintiffs are "persons" who fall under the protection of Article 2 of the West Virginia Consumer Credit and Protection Act (herein "WVCCPA") and are entitled to the remedies set forth in Article 5 of the WVCCPA.

84. The Defendant is a debt collector as defined by West Virginia Code §46A-2-122(d) engaging directly or indirectly in debt collection as defined by West Virginia Code §46A-2-122(c) within the State of West Virginia, including Kanawha County, West Virginia.

85. The Defendant has engaged in repeated violations of Article 2 of the West Virginia Consumer Credit and Protection Act, including but not limited to,

a. using unfair or unconscionable means to collect a debt from Plaintiffs in violation of West Virginia Code §46A-2-128;

b. collecting or attempting to collect collection fees or charges, in violation of West Virginia Code §46A-2-128(c);

c. collecting or attempting to collect default and servicing fees, which are neither expressly authorized by any agreement creating or modifying the obligation nor by statute or regulation, in violation of West Virginia Code § 46A-2-128(d);

d. utilizing fraudulent, deceptive or misleading representations or means regarding Plaintiffs' mortgage loan status in an attempt to collect a debt or obtain information regarding Plaintiffs in violation of West Virginia Code §46A-2-127;

e. representing that an existing obligation of the consumer may be increased by the addition of attorney's fees, unauthorized appraisal and broker price opinion fees, and other fees or charges when in fact such fees or charges may not legally be added to the existing obligation in violation of West Virginia Code § 46A-2-127(g);

f. falsely representing or implying the character, extent, or amount of a claim against a consumer in violation of West Virginia Code § 46A-2-127(d);

g. assessing prohibited appraisal fees in violation of West Virginia Code § 46A-2-115(b)(3)(E);

h. assessing unreasonable appraisal and BPO fees in violation of West Virginia Code § 46A-2-115(b)(3)(A); and

i. assessing and collecting default charges other than those authorized by W. Va. Code § 46A-2-115(b)(2), including broker price opinion fees, in violation of West Virginia Code § 46A-2115(b)(2) and § 46A-2-128(e);

86. As a result of Defendant's actions, Plaintiffs and each member of the putative subclasses have suffered actual and/or statutory damages, including the amounts of the unauthorized charges assessed and collected.

WHEREFORE, Plaintiffs pray that the Court enter judgment against the Defendant and for the Plaintiffs and the Class for the Class Claim for the following:

1. Actual and compensatory damages for the Plaintiffs and class members;
2. Statutory damages for Plaintiffs and class members adjusted for inflation provided for in the West Virginia Consumer Credit and Protection Act;
3. An award of interest, costs, and attorney fees for Plaintiffs and class members; and
4. A declaration that the charges described herein are unauthorized and unenforceable, and an order halting any foreclosure sale of Plaintiff or class members until Plaintiffs' and class members' accounts are corrected;
5. Prejudgment and post-judgment interest as allowed by law; and
6. Such other relief as the Court deems equitable and just for Plaintiffs and class members.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

**EMILY BRANCH AND**
**BRIAN BRANCH,**
BY COUNSEL

/s/ Benjamin M. Sheridan
Benjamin M. Sheridan (# 11296)
Jed Nolan (#10833)
Counsel for Plaintiffs
Klein & Sheridan, LC
3566 Teays Valley Road
Hurricane, WV 25526
(304) 562-7111
ben@kleinsheridan.com
jed@kleinsheridan.com

Jason E. Causey (WVSB #9482)
Katz Kantor Stonestreet & Buckner, PLLC
206 South Walker St.,
Princeton, WV 24740
(304) 431 4050
(304) 431 4060
JCausey@kksblaw.com

E-FILED | 9/10/2026 2:03 PM
CC-20-2026-C-1112
Kanawha County Circuit Clerk
Cathy S. Gatson

**IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA**

**EMILY BRANCH and**
**BRIAN BRANCH,**
**on behalf of themselves**
**and all others similarly situated,**
**PLAINTIFFS,**

**v.** **CIVIL ACTION NO. 2026-C-____**

**ROUNDPOINT MORTGAGE**
**SERVICING, LLC,**
**DEFENDANT**

## NOTICE OF APPEARANCE

**COMES NOW** Jason E. Causey, of the law firm of Katz, Kantor, Stonestreet & Buckner, PLLC, and hereby gives Notice of his Appearance as counsel on behalf of Plaintiffs, Emily Branch and Brian Branch, individually and on behalf of a class of persons, and hereby requests that he receives copies of all pleadings and evidence filed in this case.

**EMILY BRANCH and**
**BRIAN BRANCH,**
**individually and on behalf**
**Similarly Situated Consumers**

By Counsel,

***/s/ Jason E. Causey***
Jason E. Causey, Esq. (WVSB#9482)
Katz, Kantor, Stonestreet & Buckner, PLLC
206 S Walker Street
Princeton, WV 24740
Phone: 304-639-4788
Fax: 304-301-0846
jcausey@kksblaw.com

**IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA**

**EMILY BRANCH and**
**BRIAN BRANCH,**
**on behalf of themselves**
**and all others similarly situated,**
**PLAINTIFFS,**

**v.** **CIVIL ACTION NO. 2026-C-____**

**ROUNDPOINT MORTGAGE**
**SERVICING, LLC,**
**DEFENDANT**

**CERTIFICATE OF SERVICE**

I, Jason E. Causey, do hereby certify that a true and exact copy of **"Notice of Appearance"** has been served upon the following via WV E-File on this 9th day of September, 2026, which will give notification to counsel of record.

***/s/ Jason E. Causey***
Jason E. Causey (Bar # 9482)
Katz, Kantor, Stonestreet & Buckner, PLLC
206 S Walker Street
Princeton, WV 24740
(304) 431-4050
jcausey@kksblaw.com

CERTIFIED MAIL

US POSTAGE PITNEY BOWES

ZIP 25311 $ 011.31⁰
02 4W
0000377385 SEP. 15. 2026

E-FILED | 9/10/2026 3:00 PM
CC-20-2026-C-1112
Kanawha County Circuit Clerk
Cathy S. Gatson

**IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA**

**EMILY BRANCH and**
**BRIAN BRANCH,**
**on behalf of themselves**
**and all others similarly situated,**
**PLAINTIFFS,**

**v.** **CIVIL ACTION NO. CC-20-2026-C-1112**

**ROUNDPOINT MORTGAGE**
**SERVICING, LLC,**
**DEFENDANT**

**NOTICE OF APPEARANCE**

Please Take Notice that the undersigned, Megan A. Patrick, of Klein & Sheridan, LC, 3566 Teays Valley Road, Hurricane, WV 25526, hereby enters her appearance as additional counsel for Plaintiffs in this action.

Dated: September 10, 2026.

Respectfully submitted,

By:/s/Megan A. Patrick

Megan A. Patrick (WVSB #12592)
Klein & Sheridan, LC
3566 Teays Valley Road
Hurricane, WV 25526
T: (304) 562-7111
E: megan@kleinsheridan.com
*Counsel for Plaintiffs*

**IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA**

**EMILY BRANCH and**
**BRIAN BRANCH,**
**on behalf of themselves**
**and all others similarly situated,**
**PLAINTIFFS,**

**v.** **CIVIL ACTION NO. CC-20-2026-C-1112**

**ROUNDPOINT MORTGAGE**
**SERVICING, LLC,**
**DEFENDANT**

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that on this 10th day of September, a true copy of the foregoing "***Notice of Appearance***" was filed with the Clerk of Court via the West Virginia E-Filing system and all parties of record were served by electronic notification through the West Virginia E-Filing system.

By:/s/Megan A. Patrick
Megan A. Patrick (WVSB #12592)
Klein & Sheridan, LC
3566 Teays Valley Road
Hurricane, WV 25526
T: (304) 562-7111
E: megan@kleinsheridan.com
*Counsel for Plaintiffs*

E-FILED | 9/17/2026 9:45 AM
CC-20-2026-C-1112
Kanawha County Circuit Clerk
Cathy S. Gatson

# NOTICE OF LIS PENDENS

NOTICE IS HEREBY GIVEN pursuant to W.Va. Code § 55-11-1 *et seq.* that on the 10th day of September 2026 suit was instituted by the undersigned in the civil action styled, *Emily Branch and Brian Branch, on behalf of themselves and all others similarly situated v. RoundPoint Mortgage Servicing, LLC*, Civil Action No. 26-C-1112, in the Circuit Court of Kanawha County, West Virginia. The following are the names of the parties to said suit:

| Name of Party | Address |
|---|---|
| Emily Branch | c/o Klein & Sheridan, LC<br>3566 Teays Valley Rd.<br>Hurricane, WV 25526 |
| Brian Branch | c/o Klein & Sheridan, LC<br>3566 Teays Valley Rd.<br>Hurricane, WV 25526 |
| RoundPoint Mortgage Servicing, LLC | c/o Corporation Service Company<br>808 Greenbrier Street<br>Charleston, WV 25311 |

The following described real estate owned by Emily Branch and Brian Branch, situated in Kanawha County, West Virginia, is involved in said suit, to-wit:

PROPERTY DESCRIPTION

All that certain lot of land, together with the improvements thereon and the appurtenances thereunto belonging, situate in the City of Charleston, Charleston West District. Kanawha County, West Virginia, and being all of Lot No. One Hundred Thirty-Three (133) of the Hillsdale Addition, as shown upon a map of said addition of record in the Office of Clerk of the County Commission of Kanawha County, West Virginia, in Map Book 4, at page 168.

**The Real Property or its address is commonly known as 2028 Preston Street, Charleston, WV 25302.**

The plaintiffs Emily Branch and Brian Branch, on behalf of themselves and all those similarly situated, allege that RoundPoint Mortgage Servicing, LLC, as the holder of the Deed of Trust (Book 4248, Page 612), as the loan servicer, violated federal mortgage-servicing requirements and breached obligations arising from the parties' loan documents in connection with the above-described real estate. Plaintiffs allege that RoundPoint Mortgage Servicing, LLC assessed fees or charges not authorized by law or agreement.

By this action, Plaintiffs seek relief affecting title to and the right to foreclose upon the above-described property, including injunctive and declaratory relief.

Third parties should take notice of the pending claims pertaining to the above-described real estate.

IN WITNESS WHEREOF, the undersigned has executed this Lis Pendens as of the 17th day of September 2026.

**EMILY BRANCH and BRIAN BRANCH,**
By Counsel,

Benjamin M. Sheridan (WVSB #11296)
Jed R. Nolan (WVSB #10833)
Megan Patrick (WVSB #12592)
**Klein & Sheridan, LC**
3566 Teays Valley Road
Hurricane, WV 25526
T: (304) 562-7111
F: (304) 562-7115
E: megan@kleinsheridan.com
*Counsel for Plaintiffs*

[Acknowledgment on following page.]

**ACKNOWLEDGMENT**

STATE OF WEST VIRGINIA,
COUNTY OF Putnam, to-wit:

The foregoing instrument was acknowledged before me this __ day of September 2026, by Megan A. Patrick, attorney for Emily Branch and Brian Branch, as the act and deed of the Plaintiffs named therein.

My commission expires: June 19, 2028

Seal:

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
Lisa K. Nolen
Burke & Herbert Bank
3754 Teays Valley Road
Hurricane, WV 25526
My Commission Expires June 19, 2028

Notary Public